**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> VS. <br><br> **KILPATRICK HOLTON,** <br><br> Defendant | NO. 5: 07-CR-25 (CAR) <br><br> VIOLATION: **ESCAPE** |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Doye E. Green, Jr. of the Macon Bar; the United States was represented by Assistant U. S. Attorney Jennifer Kolman. Based upon the evidence proffered to the court by counsel for the parties, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant HOLTON were he to be released from custody at this time. The offense charged against the defendant is a serious one for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty. The weight of evidence is strong. Defendant HOLTON entered Dismas House (a Bureau of Prisons half-way house) in Macon, Georgia on December 20, 2006, after being transferred from the Federal Correctional Institution in Talladega, Alabama where he had been serving a sentence of incarceration since 2001 on a charge of Bank Robbery, 18 U.S.C. §2113(a). On March 2, 2007, defendant HOLTON fled from Dismas House and remained in an escape status for some eight days before being taken into custody on a warrant issued by the undersigned charging him with ESCAPE. He was subsequently indicted by a grand jury of this district. Although the defendant has ties to Albany, Georgia, his action in fleeing Dismas House indicates a serious risk of flight were he to be released from custody. For the foregoing reasons, pretrial detention is mandated and is SO ORDERED AND DIRECTED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant HOLTON be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility HOLTON deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 16th day of MARCH, 2007.



**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**